JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FAISAL SHAIBU,

                Plaintiff,

   -against-

FINANCIAL RECOVERY SERVICES, INC.,

                Defendant(s).
-------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff FAISAL SHAIBU ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant FINANCIAL RECOVERY SERVICES, INC. hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New York, residing at 5 Metropolitan Oval, Bronx, N.Y. 10462.

3. Defendant FINANCIAL RECOVERY SERVICES, INC. is a Minnesota Corporation with its address at 4900 Viking Dr., Edina, MN 55435.

4. Financial Recovery Services, Inc. is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. The Plaintiff approximately August 8th, 2010 called to the Defendant and spoke to a debt collector who failed to identify himself and thereby violated 15 USC §1692ed(6) which requires meaningful disclosure of the caller identity.

9. The Plaintiff asked the Defendant: "Why is this so much?" In response the Defendant gave a confusing and misleading answer: "There was probably some interest that accrued, it was charged off at three grand."

10. The Defendant's answer violated 15 USC §1692e – preface and e(10) by giving a false, deceptive and misleading answer by 1) confusingly stating that there was probably some interest but he didn't actually know if there was interest.

11. The Defendant further violated 15 USC §1692e – preface and e(10) when answering the Plaintiff's question: "What is the interest? Can you break it down?" and replied "The interest ahh there's just probably some penalties and late charges and some overcharges. They were more charged up towards the end of when it was actually charged off." This answer is false, misleading and deceptive and interest is not the same as penalties or charges or overcharges and further contradicts the defendant's previous

answer that there was some interest that accrued.

12. The Defendant further violated 15 USC §1692e – preface, e(11), in response to the plaintiff's question :"What are your fees?" by stating "Whatever Bank of America fee's were in that original contract." This is confusing and deceptive as it does not answer what the Defendant's fees are, and further does not even know what the Defendant's fees are.

13. The Defendant further violated 15 USC §1692e – preface and e(10), by further telling the Plaintiff that "...but I tell you what we can focus more on the principal of what was charged up. I can get that interest knocked off for you." This statement is deceptive, false, and misleading and how can the Defendant who doesn't even know what the interest is, and then contradicts himself that the interest is made up of penalties, charges, and over charges get that interest knocked off?

14. The Defendant further violated 15 USC §1692e (11), by failing to give the required disclosures that they were debt collectors.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA)

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e(11), 15 USC §1692e – preface and e(10).

17. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
*(Violations of N.Y.S. Gen Bus. §349 (a) Deceptive Practices and Acts)*

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19. Defendant's debt collection efforts violated New York State General Business Law §349 Deceptive Acts and Practice.

## DEMAND FOR TRIAL BY JURY

20. Plaintiff FAISAL SHAIBU hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FAISAL SHAIBU demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1); and to New York State General Business Law §349(h) Deceptive Acts and Practice.

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A); and New York State General Business Law §349 (h) Deceptive Acts and Practice.

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3); and pursuant to New York State General Business Law §349 (h) Deceptive Acts and Practice.

E. A declaration that the Defendant's practices violated the FDCPA; and

the New York State General Business Law §349 Deceptive Acts and Practice.

      F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
             September 27, 2010

                                  Respectfully submitted,

                                  By: _____
                                  M. Harvey Rephen, (MR3384), Esq.
                                  M. HARVEY REPHEN & ASSOCIATES, P.C.
                                  708 Third Avenue, 6th Floor
                                  New York, New York 10017
                                  Phone:   (212) 796-0930
                                  Facsimile: (212) 330-7582

                                  *Attorney for the Plaintiff Faisal Shaib*

To:    FRS, Inc
        4900 Viking Drive
        Edina, MN 55435

        *(Via Prescribed Service)*
        Clerk, United States District Court, Southern of New York
        *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                CASE NO.:

FAISAL SHAIB,

                        Plaintiff(s),

   -against-

FINANCIAL RECOVERY SERVICES, INC.,

                        Defendant(s).

---

## COMPLAINT

---

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:   (212) 796-0930*
*Facsimile: (212) 330-7582*

---